**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARK BRADY,

     Plaintiff-Appellant,

v.

DR. ANITA BLOOR; KATHY
RITTENHOUSE, (N.P.); GARY
WATKINS, (Warden LCF),

     Defendants-Appellees.

No. 03-1318
(District of Colorado)
(D.C. No. 03-Z-558)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Clark Brady, a prisoner appearing *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights suit. The district court dismissed Brady's suit pursuant to 42 U.S.C. § 1997e(a) on the ground that Brady had failed to exhaust his administrative remedies. As was true below, Brady does not contend on appeal that he had exhausted his administrative remedies at the time he filed his § 1983 complaint. Instead, he asserts that he need not exhaust because (1) the administrative remedies available in Colorado are insufficient and (2) § 1997e(a) does not apply to his claims. As noted by the district court, Brady's arguments are foreclosed by the Supreme Court's opinion in *Porter v. Nussle*, 534 U.S. 516 (2002). According to *Porter*,

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law."

*Id.* at 524; *see also id.* at 532 ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The district court was clearly correct in concluding that Brady could not proceed with his § 1983 claim because he had failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted."). Having so concluded, however, the district court should have dismissed without prejudice. *See Yousef v. Reno*, 254 F.3d 1214, 1216 & n.1, 1222-23 (10th Cir. 2001). Accordingly, the case is **REMANDED** to the district court to vacate its entry of judgment in favor of the defendants and to, instead, dismiss Brady's claims without prejudice to allow exhaustion of his administrative remedies. *Id.* Larry Gordon's Motion Requesting Leave of the Court to File Amicus Curiae Brief is hereby **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge